[Civ. No. 11749. Second Appellate District, Division One.—May 8, 1939.]

BROCK & COMPANY (a Corporation), Appellant, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

Holbrook & Tarr for Appellant.

J. H. O'Connor, County Counsel, and Gordon Boller and A. Curtis Smith, Deputies County Counsel, for Respondents.

YORK, P. J.—Appellant is a corporation engaged in the wholesale and retail jewelry business and by a proceeding in *mandamus* directed against the Board of Supervisors and the County Counsel of Los Angeles County, pursuant to section 3804a of the Political Code, sought to have canceled an assessment for the purpose of taxation made by the county assessor upon a portion of its merchandise of diamonds, jewels and jewelry valued at $127,855, which merchandise at noon on the first Monday of March, 1936, was on display in the city of Honolulu, T. H.

The trial court concluded that the taxable situs of the said merchandise was in Los Angeles County and that appellant was not entitled to the cancellation. From the judgment which followed, this appeal is taken.

The record reveals that on February 21, 1936, appellant withdrew from its stock of diamonds, jewels and jewelry maintained at its Los Angeles and Beverly Hills establishments certain pieces thereof and shipped the same in charge of its vice-president, George C. Brock, to Honolulu. On February 29th, Mr. Brock delivered the jewelry and diamonds into the possession of the Honolulu jewelry firm of H. F. Wichman & Company, who put it on display with their own merchandise, and advertised in the Honolulu newspapers that such display of jewelry was from the collection of appellant. Said merchandise was left with Wichman & Company by appellant with the option to retain or to sell any of said jewels, jewelry and diamonds upon payment to appellant of the retail price thereof, less twenty per cent. The said jewelry was on display in the store of Wichman & Company during the period from February 29, 1936, to March 15, 1936, with the exception of four pieces of jewelry which were returned to appellant's stock upon Mr. Brock's arrival in Los Angeles from Honolulu on March 12, 1936. Wichman & Company did not exercise their option to purchase any of the said merchandise and on March 16th shipped it back to appellant. Upon its arrival in Los Angeles on March 23d, it was re-

turned to appellant's stock in trade and merchandise for sale at its stores in Los Angeles and Beverly Hills.

It is urged by appellant that this case "squarely presents for decision by this court the question as to whether gem merchandise, regularly consigned in accordance with trade practice, prior to the first Monday of March, can still be taxed in California simply because the wholesaler's place of business is located in this State".

Respondents submit that the questions presented by this appeal "are rendered easy of determination and the correct answer thereto rather definitely indicated by the decision of the Supreme Court upon the like question in the action attempting to call in question appellant's taxes for the year before. (*Brock & Co.* v. *Board of Supervisors*, 8 Cal. (2d) 286 [65 Pac. (2d) 791, 110 A. L. R. 700].)"

It was found by the court in the instant proceeding that in *1934*, just a few days before the tax date, appellant withdrew from its stock at Los Angeles and Beverly Hills, jewels and jewelry of an assessed value of $153,415 and shipped the same to Honolulu, where they were placed on display but not advertised, and within thirty days from the date of such withdrawal were again returned to appellant's stocks for sale. Upon petition made by appellant for cancellation of an assessment thereon for the purpose of taxation, on the ground that said merchandise was in the course of interstate commerce between the State of California and the territory of Hawaii on the first Monday of March, 1934, such cancellation was granted.

Again in *1935*, according to the finding of the court herein, a few days before the tax date, appellant withdrew from its stock at Los Angeles and Beverly Hills, jewels and jewelry of an assessed value of $143,454 and shipped them to Honolulu in charge of its vice-president, who upon arrival in Honolulu placed such merchandise on display in the vault and showroom of the Hawaiian Trust Company. This display was not advertised but was brought to the attention of a selected list of wealthy persons by telephone. None of the jewelry was sold in Honolulu, and except for a bracelet which was left with a jeweler in Honolulu, all of said jewelry was returned within thirty days to the stocks in appellant's stores at Los Angeles and Beverly Hills. Again appellant petitioned the Board of Supervisors of Los Angeles County to

cancel the assessment of and the taxes thereon, which petition was denied; whereupon appellant filed action to compel such cancellation. The judgment denying such petition was affirmed on appeal to the Supreme Court in *Brock & Co.* v. *Board of Supervisors,* 8 Cal. (2d) 286 [65 Pac. (2d) 791, 110 A. L. R. 700], herein referred to as the Brock case.

■ In the said Brock case appellant, as it does here, invoked the language of section 3628 of the Political Code to the effect that " . . . all taxable property shall be assessed in the county, city . . . or district in which it is situated". The court held that the term "situated" as used therein in its application to personal property had a broader concept than that urged by appellant, and stated at page 290: "It connotes a *more or less permanent* location or situs, and the requirement of permanency must attach before tangible property which has been removed from the domicile of the owner will attain a situs elsewhere." In other words, the Brock case holds that tangible personal property is taxable in the locality where it has an *established permanent situs,* irrespective of the owner's domicile, and that the jewelry there involved was merely temporarily removed outside the state with the intention of presently returning it; hence it was not beyond the jurisdiction of the state to tax. (Emphasis added.)

■ It is therefore obvious that if the merchandise here involved acquired only a temporary abiding place in Honolulu, the assessment of the taxing authority of Los Angeles County was proper. On the other hand, if, as is asserted by appellant, the jewelry acquired a permanent situs in Honolulu when it was consigned to Wichman & Company, its taxation in Los Angeles County constitutes a violation of the due process clause of the federal Constitution, under the holding in the said Brock case, *supra,* page 290.

The record discloses that this was the third annual expedition made by appellant to Honolulu, each under slightly different circumstances, the court finding that all of the parties thereto believed that the instant transaction constituted a consignment for sale to H. F. Wichman & Company by appellant. From the evidence adduced at the trial it appears that after the delivery of the jewelry to H. F. Wichman & Company, a receipt was taken for all the merchandise so delivered with the exception of some loose diamonds contained in a box. This receipt recited that it was "merchandise on memorandum

from Brock & Company''. In accordance with the usual jewelry practice, no time was set for the redelivery of any unsold merchandise, but there was an understanding that Wichman's would not keep it longer than there was any definite prospect of sale. Upon cross-examination, Mr. Brock testified that he frankly had no idea at the time he left Honolulu exactly when the merchandise would be returned, but that it was left with Wichman's with the understanding that when interest waned it would be returned to appellant. After finding such facts to be true, the court made the following findings:

''That said jewels and jewelry involved herein were so sent to Honolulu just prior to the tax date in 1936 for said short period of time, with the purpose of present return to Los Angeles, in part so as to avoid all taxation thereof, as far as legally possible, and also with the idea of exhibit of said jewels and jewelry and of advertisement thereby of petitioner and petitioner's jewels and jewelry and merchandise for sale in Los Angeles County. That petitioner and H. F. Wichman & Co. expected and intended to allow said jewels and jewelry, or any thereof, to remain in Honolulu for only a short time except such, if any, as H. F. Wichman & Co. might buy or might sell at the retail price thereof, less twenty per cent (20%); that it was the plan of petitioner, in arranging said expedition to have its said jewels and jewelry returned within a short period of time to its said Los Angeles and Beverly Hills stores and into its regular stock of jewels and jewelry and merchandise for sale from which removed, except such, if any, as H. F. Wichman & Co. might buy or sell during such short time. . . . That the jewels and jewelry herein assessed were not known as, and in fact were not, at any time, display merchandise but were part and parcel of petitioner's merchandise and stock in trade for sale at its Los Angeles and Beverly Hills stores in the County of Los Angeles.''

As conclusions of law, the court found that ''said jewels and jewelry so assessed were, on the first Monday of March, 1936, situate and assessable for taxes in the cities of Beverly Hills and Los Angeles and the County of Los Angeles, and were there taxable for the fiscal year 1936–1937. . . . That said jewels and jewelry so assessed were not by petitioner consigned to said H. F. Wichman & Co. . . . That the assessment of said jewels and jewelry and the taxes thereon were not

violative of the due process of law or the equal protection of the law provisions of the Fourteenth Amendment to the Constitution of the United States, or contrary to petitioner's rights and immunities of national citizenship, nor violative of petitioner's rights under Article I, section 14 of the Constitution of the State of California.''

While it is urged by appellant that the delivery of the jewelry and its display on tax day in Honolulu as part of Wichman & Company's stock of goods, established a permanent situs in Honolulu and without the jurisdiction of the taxing authority of Los Angeles County, such contention is not supported by the evidence. The evidence clearly shows that appellant intended that the jewelry should be displayed during the height of the winter season in Honolulu with the hope of making sales thereof to wealthy residents to whom it was shown, and that both appellant and Wichman & Company expected that the merchandise should be presently returned to California, although they were all uncertain as to the exact date. As a matter of fact, within thirty days of its withdrawal from appellant's stock in California, the entire collection was returned, apparently without one sale having been made, and was again placed by appellant in its stock for sale at its stores in Los Angeles and Beverly Hills.

In view of the conclusion of this court that appellant failed to establish a permanent situs of the jewelry in Honolulu, but that on the contrary the evidence tends to prove only a temporary absence of the merchandise from the State of California, it is deemed unnecessary to pass upon the various points raised by appellant in its briefs.

Upon the authority of the holding in *Brock & Co.* v. *Board of Supervisors,* 8 Cal. (2d) 286 [6 Pac. (2d) 791, 110 A. L. R. 700], the judgment of the trial court is affirmed.

Doran, J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 6, 1939.