508

## WEINSTEIN, Executrix v. WATSON, Assessor

200 P. 2d 383

*Gus. J. Solomon,* of Portland, argued the cause for respondent. With him on the brief were Maurice B. Sussman and Raymond M. Kell, of Portland.

*Dan M. Dibble,* Deputy District Attorney, of Portland, argued the cause for appellant. With him on the brief was John B. McCourt, District Attorney, of Portland.

Before Rossman, Chief Justice, and Lusk, Belt, Kelly and Hay, Justices.

KELLY, J.

This is a suit to secure an order and decree to the effect that a purported assessment made on January 1, 1947, is invalid and unenforcible upon wearing apparel and other personal effects pledged to and in the possession of plaintiff as a pawnbroker, said personal property being exempt from taxation when in the possession and under the control of the owners who are the pledgors thereof.

Plaintiff also sought and obtained an order and decree restraining and enjoining defendants, county assessor and county tax collector respectively, from enforcing or attempting to enforce said purported assessment; and also restraining said defendants as such officers from hereafter assessing said property, or levying or collecting taxes thereon.

In plaintiff's complaint, defendants' official status, as above stated, is alleged. It is also alleged in said complaint that during all of the times mentioned therein plaintiff, Samuel I. Weinstein, conducted a pawnbroker's business in Portland, Oregon, under the assumed name of Star Loan Office, and that said business is licensed by the State Banking Department of the State of Oregon.

Paragraphs V, VI, VII, VIII, IX and X, of plaintiff's complaint, are as follows:

"V.

In connection with such pawn broker's business, plaintiff makes small loans to individuals who deliver to the plaintiff as security for such loans their personal property, such as wearing apparel, watches, jewelry, luggage, tools, cameras, guns and other personal effects held by such individuals for his or her exclusive use and benefit and not for sale

or commercial use, all of which property is of the class exempt from taxation under and by virtue of Sec. 110-201·OCLA as amended. The average size of loans made by the plaintiff is approximately $10.00 and the average life of such loans is approximately 60 days.

## VI.

Plaintiff had in his office and place of business on January 1, 1947, personal property consisting of wearing apparel and other personal effects belonging to third persons, which property had been left by the owners thereof with the plaintiff to secure loans, in the total amount of $16,050.

## VII.

In preparing his personal property tax return for 1947, plaintiff listed only that personal property in his possession, owned by him and used in connection with his retail merchandise business on January 1, 1947, and plaintiff omitted from such return all wearing apparel and other personal effects held by him to secure loans for the reason that such property was not owned by the plaintiff but was simply held by him as security for loans and for the further reason that such property was tax exempt.

## VIII.

On September 6, 1947, the defendant, Tom C. Watson, notified plaintiff that he proposed to include on plaintiff's personal property tax assessment all personal property held by him to secure loans and to value the same for purposes of taxation at an amount equal to the amount loaned thereon. Thereafter the defendant, Tom C. Watson, over plaintiff's protest, revised such tax assessment by adding thereto said personal property at an assessed value of $16,050.

## IX.

Defendant, Multnomah County, Oregon, through its Assessor, defendant Tom C. Watson, has placed

exempt personal property consisting of wearing apparel and personal effects owned by third persons and held by the defendant as security for loans on the tax rolls of Multnomah County, Oregon, and has levied taxes thereon, said property having been assessed in the name of Samuel I. Weinstein, Star Loan Office, Portland, Oregon.

## X.

Defendant, Multnomah County, Oregon, is threatening through its Tax Collector, defendant Martin T. Pratt, to collect such taxes so assessed and levied against said property and will hereafter attempt to do so to the irreparable damage of the plaintiff unless said defendant is enjoined and restrained from so doing by this court."

A general demurrer to plaintiff's complaint was filed by defendants and arguments presented there upon. Defendants' demurrer was then overruled by the trial court.

Defendants refused to plead further whereupon the trial court entered a decree in accordance with the prayer of plaintiff's complaint from which decree defendants have prosecuted this appeal.

It appearing by the affidavit of Esther Weinstein that Samuel I. Weinstein died on or about the 12th day of September, 1948; that letters testamentary were duly made and issued on the 15th day of September, 1948, in the circuit court of the state of Oregon for Multnomah County to the said affiant, Esther Weinstein, and that she has qualified and entered upon her duties as executrix of the last will and testament and estate of Samuel I. Weinstein, deceased, on motion of said affiant, she the said Esther Weinstein was, by an order of this court duly made and entered on the 3rd

day of November, 1948, substituted for the late Samuel
I. Weinstein as plaintiff and respondent herein.

The applicable provisions of the statute, under the
terms of which defendants seek to justify their course
in attempting to subject to assessment and taxation the
personal property involved herein, are found in Section
1 of Chapter 359, Oregon Laws 1941, a copy of which
is as follows:

> "Except as otherwise specifically provided, all
> personal property shall be assessed for taxation
> each year at its situs as of the day and hour of as-
> sessment prescribed by law; provided, that boats,
> vessels or other watercraft registered or enrolled
> within this state shall be assessed in the county of
> such registry or enrolment. Personal property may
> be assessed in the name of the owner or of
> any person having possession or control thereof.
> Where two or more persons jointly are in possession
> or have control of any personal property, in trust
> or otherwise, it may be assessed to any one or all of
> such persons. Personal property which is mort-
> gaged or pledged shall be deemed to be, for purpose
> of assessment and taxation, the property of the per-
> son who has the possession thereof."

The first clause and the last sentence of the above
quoted statute must, together with its other provisions,
be considered. At the very outset of such considera-
tion we must determine whether, as to the personal
property in suit, the statute has "otherwise specifically
provided" so that it is not included in the term "all
personal property". Paragraph V of plaintiff's com-
plaint describes the property in suit as personal prop-
erty of individuals "such as wearing apparel, watches,
jewelry, luggage, tools, cameras, guns and other per-
sonal effects held by such individuals for his or her

exclusive use and benefit and not for sale or commercial use."

The applicable provision of the statute, which plaintiff claims "otherwise specifically provides" so that the property involved herein may not be assessed for taxation is to be found in the opening sentence and subdivision 8 of section 110-201, O.C.L.A., as amended by Chapter 296, Oregon Laws 1945. Said opening sentence is: "The following property shall be exempt from taxation," and the final clause of said subdivision is:

"Also all wearing apparel and other personal effects held by any person for his or her exclusive use and benefit and not for sale or commercial use."

Defendants, however, argue that when exempt personal property of a pledgor is delivered to a pledgee, the final sentence of said section 1 of Chapter 359, Oregon Laws 1941, namely:

"Personal property which is mortgaged or pledged shall be deemed to be, for the purposes of assessment and taxation, the property of the person who has the possession thereof,"

together with the temporary change of posssession of the property, has the effect to nullify and destroy the exempt character of such pledged property.

We think that this final sentence of said section 1, herein above quoted, is controlled by and subject to the first clause of said section, "except as otherwise specifically provided."

This provision contained in the final sentence of said section 1 of Chapter 359, Oregon Laws 1941 was enacted in 1854, and ever since has been a statutory provision of Oregon Law. Deady's General Laws of Oregon, 1845-1864, Sec. 14, p. 897; Deady's Code, 1874,

p. 751; Hill's Code, 1892, Sec. 2751, p. 1284; Bellinger & Cotton's Code, Vol. 2, Sec. 3056, p. 1041; Lord's Oregon Laws, Vol. 2, Sec. 3567, p. 1416; General Laws of Oregon 1907, Chapter 268, Sec. 17, pp. 485, 490; Oregon Laws 1920, Vol. 2, Sec. 4247, p. 1893; Oregon Code 1930, Sec. 69-210, p. 5310; O. C. L. A., Vol. 7, Sec. 110-309, pp. 1098-1099; and Oregon Laws 1941, supra.

Until 1947, no attempt was made to apply the foregoing satutory provision to exempt personal property in the possession of a pledgee on the tax assessment day. We are impressed with the contention that thereby a well established administrative practice is shown to the effect that this provision of "the statute merely provides the mechanics for assessing and collecting taxes", but does not create a new or additional class of taxable property.

We are not unmindful that defendants claim that the exemption provided by subdivision 8 of Section 110-201, O. C. L. A., as amended, is not granted to a class of property, but is granted only to persons coming within its terms. The legislative interpretation thereof, as expressed in the titles of the amendatory acts, clearly indicates that the original section relates to exemptions of property. The title to the 1945 amendment is as follows:

"An act to amend section 110-201, O. C. L. A., relating to exemptions of property from taxation."

The final clause in the title of the 1947 amendment is as follows:

"* * * and to amend section 110-201, O. C. L. A., as amended by Chapter 296, Oregon Laws 1945, relating to property exempt from taxation." Chapter 382, Oregon Laws 1947, p. 616.

Paragraphs VIII and IX of plaintiff's complaint

clearly disclose that the defendant Watson as assessor, over plaintiff's protest, revised such tax assessment by adding thereto said personal property and that said defendant Watson has placed on the tax rolls of Multnomah County exempt personal property consisting of wearing apparel and personal effects owned by third persons and held by defendant as security for loans, and has levied taxes thereon in the name of the plaintiff. Unquestionably, this presents the question, whether personal property, otherwise exempt from assessment and taxation, becomes subject to taxation because its custody is temporarily interrupted.

To declare that a temporary interruption of the custody by the actual owner of exempt personal property destroys the exemption of such personal property for the purposes of assessment and taxation would be to cause such personal property of all literary, benevolent, charitable and scientific institutions and of public libraries, as might be in the possession of a third person on the tax assessment day, to become taxable. Obviously, the legislature did not intend any such a result, nor should the statute be so construed.

The learned trial judge did not err in overruling defendants' demurrer to plaintiff's complaint.

The judgment entered by the circuit court is affirmed.