# WESTERN STATES FIRE APPARATUS, INC. *v.* DEPARTMENT OF REVENUE

Eugene E. Feltz, Casey, Palmer and Feltz, Portland, represented plaintiff.

Richard A. Uffelman, Assistant Attorney General, Department of Revenue, Salem, represented defendant.

Decision in part for plaintiff and in part for defendant rendered December 12, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from an order of the Department of Revenue sustaining the action of the Washington County Department of Revenue in adding certain personal property to the assessment roll as omitted property. The tax year involved is 1967-68.

The plaintiff is a custom manufacturer of fire trucks for fire districts and other municipal corporations. The plaintiff does not manufacture the truck chassis, but affixes the hoses, pumps, ladders and other necessary fire equipment to the chassis to form a completed fire truck. The chassis are acquired in two ways. In some instances the municipality orders the chassis directly from the dealer or manufacturer

and has it delivered to plaintiff for installation of the equipment mentioned. In other cases the plaintiff obtains bids for the chassis from the dealer or manufacturer, the bid is directed to and accepted by the municipality and the order for the chassis is placed by plaintiff for the purchaser. The purchaser either pays the manufacturer directly or pays the plaintiff for both the chassis and plaintiff's services and the plaintiff then pays the manufacturer for the chassis. Generally in such cases the plaintiff is paid upon delivery and acceptance by the purchasers. Plaintiff receives no profit from the sale of the chassis by the dealer to the municipality and the transaction is handled in this manner solely as a convenience to the purchaser. Plaintiff's profit is received from the sale and installation of the parts placed on the chassis to produce the type of fire truck required by the municipality.

On January 1, 1967, plaintiff had six chassis on hand plus certain parts and equipment which plaintiff claims had been or were going to be placed on the chassis. Also on January 1, 1967, plaintiff was the owner of four fire trucks which it had taken in on trade and had loaned to four municipalities, all located outside of Washington County. The plaintiff did not report on its personal property tax return the value of the chassis, the parts or the four fire trucks which were on loan and contends that they were exempt from personal property taxation. The assessor added the value of the property to the rolls as omitted property and his action was affirmed by the Department of Revenue.

The first issue is whether the four trucks owned by plaintiff and loaned to municipalities outside of

14

Washington County are subject to personal property taxation. Three of the fire trucks were loaned to municipalities in Oregon and one in Washington. The trucks were loaned as a convenience to the municipality and plaintiff received no remuneration. The trucks were not licensed and plaintiff paid no personal property taxes in any jurisdiction on the trucks.

The plaintiff contends that as the trucks were outside Washington County on the assessment date the county lacked jurisdiction to make the personal property tax assessment.

ORS 307.030 states that all real and personal property *situated* within this state, except as otherwise provided by law, is subject to assessment and taxation. The assessor is required by ORS 308.210 to assess the value of all taxable property within the county. ORS 308.105 states that personal property may be assessed in the name of the owner or any person having possession or control of the property and if two or more persons jointly are in possession or control of the personal property it may be assessed to any one or all of such persons.

■ Generally the taxable situs of personal property is considered to be the domicile of the owner, unless it is shown that the property has attained an actual situs of a permanent nature in another jurisdiction. *Ainsworth v. County of Filmore,* 166 Neb 779, 90 NW2d 360 (1958). In *Ace Construction Co. v. Board of Equalization,* 169 Neb 77, 98 NW2d 367 (1967) (citing *Ainsworth*), the court stated that the taxability of personal property at the domicile of the owner is not affected by occasional excursions to a foreign jurisdiction. In *Brock & Co. v. Board of Supervisors of Los Angeles County,* 132 Cal App2d

550, 90 P2d 353 (1939), the court was interpreting a statute similar to ORS 307.030 which required that all taxable property shall be assessed in the county, city or district in which it is situated. The court held that the term "situated" " 'connotes a more or less permanent location or situs, and the requirement of permanency must attach before tangible personal property which has been removed from the domicile of the owner will attain a situs elsewhere.' " Citing *Brock v. Supervisors*, 8 Cal2d 286, 65 P2d 791, 110 ALR 700 (1937).

■ Here the plaintiff was the owner of the trucks and because of the loan to other municipalities, their situs outside of Washington County was only temporary. Upon termination of the loan they would be returned to their permanent base at plaintiff's location. They were subject to taxation in Washington County and should have been reported on plaintiff's personal property tax return.

The question of the taxability of the six truck chassis and the parts affixed thereto which plaintiff had on hand on January 1, 1967, requires a consideration of several separate factors.

Three of the six chassis were purchased directly from the dealer or manufacturer by the municipalities. Two of these chassis were purchased by Oregon municipal corporations and the third was purchased by Skagit County, Washington.

The two chassis that were purchased by the Oregon municipalities will be considered first. These chassis, purchased by Cedar Mills and Clatskanie Rural Fire Protection Districts directly from the dealer or manufacturer, were delivered to plaintiff for installation of the various parts mentioned. The

cost of the chassis was paid directly to the dealer and the cost of the installed parts paid separately to plaintiff.

ORS 307.090(1) states: "Except as provided by law, all property of the state and all public or corporate property *used or intended for corporate purposes* of the several counties, cities, towns * * * and all other public or municipal corporations in this state, is exempt from taxation." (Emphasis supplied.)

■ Cedar Mills and Clatskanie fire districts were the owners of these two chassis which were in the temporary possession of the plaintiff only for the purpose of installation of the fire equipment required by the purchaser. As the two chassis were the property of the districts and were intended for corporate purposes of the fire districts they were exempt from taxation under ORS 307.090 above.

■ The defendant argues that although the plaintiff may not have been the owner of the two trucks, the assessor was entitled to assess the property to the plaintiff because ORS 308.105(2) provides that "Personal property may be assessed in the name of the owner or *of any person having possession or control thereof*." (Emphasis supplied.)

The trucks, exempt from taxation under ORS 307.090(1) because they were owned by municipal corporations in Oregon and intended for corporate purposes, did not lose their exemption because they were temporarily in the possession of plaintiff on assessment day, January 1, 1967. *Weinstein, Executrix v. Watson, Assessor,* 184 Or 508, 200 P2d 383 (1948). In *Weinstein* the assessment involved property temporarily in the possession of a pawnbroker. The statutes in effect at the time provided that mortgaged or

pledged personal property was considered the property of the person in possession for purposes of taxation; that "except as otherwise specifically provided" all personal property shall be assessed for taxation; that wearing apparel and other personal property were exempt and that personal property may be assessed in the name of the owner or person having possession or control.

The assessor attempted to assess the plaintiff pawnbroker for the wearing apparel and the personal effects that had been pledged with him. The court held that the exemption given the wearing apparel and personal effects was granted to the property as compared to the owner and stated:

> "To declare that a temporary interruption of the custody by the actual owner of exempt personal property destroys the exemption of such personal property for the purposes of assessment and taxation would be to cause such personal property of all literary, benevolent, charitable and scientific institutions and of public libraries, as might be in the possession of a third person on the tax assessment day, to become taxable. Obviously, the legislature did not intend any such a result, nor should the statute be so construed." 184 Or at 515.

The two trucks owned by Cedar Mills and Clatskanie fire districts were exempt and did not lose their exemption because they were in the temporary possession of the plaintiff.

■ The next issue is whether the truck purchased directly from the dealer or manufacturer by Skagit County, Washington, and in plaintiff's hands on January 1, 1967, was exempt from taxation. Contrary to the two trucks purchased directly from the dealer by the two Oregon municipalities, the truck is not

exempt under ORS 307.090(1) because the exemption therein is granted to property owned and used or intended for use by municipal corporations "in this state." Therefore the truck is taxable to the plaintiff if it was "situated" within this state as stated in ORS 307.030, and if it was within the possession and control of plaintiff as required by ORS 308.105(2). If the truck did not have "a more or less permanent location or situs" in this state, (*Brock & Co. v. Board of Supervisors of Los Angeles County, supra*) then it cannot be said to have been situated here within the meaning of ORS 307.030 classifying taxable property as property "situated" within this state. If the chassis did not have a taxable situs in Oregon then it is not necessary to decide whether plaintiff had possession or control of the chassis because plaintiff cannot be assessed and taxed for property which did not have a taxable situs in Oregon.

The truck was acquired by Skagit County, Washington, directly from the dealer. The bid was made by the dealer to Skagit County, accepted by the county and the purchase price paid to the dealer. The only association plaintiff had with the truck was to have it temporarily in its possession in order to add certain necessary items to the chassis. The situation is the same as if Skagit County had sent the truck to the plaintiff's shop for repair and the truck was temporarily in plaintiff's shop on assessment day. Its location in Oregon was purely temporary or transient as compared to local or permanent, and the truck was not subject to Washington County ad valorem personal property taxation because it was not property "situated" in this state within the meaning of ORS 307.030.

The other three trucks in plaintiff's shop on January 1, 1967, were all purchased by municipal corporations located in the State of Washington. As mentioned previously, the bids for the chassis were submitted by the dealers or manufacturers to the municipalities and accepted by them, although the order for the chassis was placed with the dealer or manufacturer by the plaintiff as a service to the municipalities. The chassis were delivered by the manufacturers or dealers to plaintiff for installation of the additional items. The purchasers paid plaintiff a total amount for both the chassis and the plaintiff's installation and plaintiff paid the dealers for the cost of the chassis.

If the truck chassis were owned by plaintiff they would have had a taxable situs in Oregon and would be properly assessed to plaintiff. If the truck chassis were owned by the Washington municipalities they would not have been exempt property under ORS 307.090 because they were not owned by a municipality "in this state." However, if they were owned by the Washington municipalities in order to be taxable to the plaintiff the chassis must have been "situated" in this state and under the possession and control of plaintiff on January 1, 1967.

It is not necessary to determine who has technical legal title to the chassis because the beneficial ownership of the chassis was in the municipalities. The dealer's bid was made to and accepted by the municipalities who paid for the trucks although the payment was made to the dealer through the plaintiff. The plaintiff had no interest in the truck chassis other than the contractual obligation to add the additional fire parts and be paid for the parts and the installa-

tion. While bare legal title to the trucks is a factor to be considered it is sufficient here that the beneficial ownership of the truck chassis was in the Washington municipalities and not in the plaintiff. *Mitchell Aero, Inc. v. City of Milwaukee,* 42 Wis2d 656, 168 NW2d 183 (1969); *C. C. Moore & Co. v. Quinn,* 149 Cal App 2d 666, 308 P2d 781 (1957).

■ The chassis were not situated within the State of Oregon because their location in plaintiff's shop on assessment day was temporary, not permanent or local. *Brock Co. v. Board of Supervisors of Los Angeles County, supra.*

■ As these three chassis belonging to the Washington municipalities were not situated in Oregon on January 1, 1967, within the meaning of ORS 307.030, they did not have a taxable situs in Oregon and were not taxable to plaintiff.[1]

The defendant Department of Revenue concedes that if any of the trucks are exempt from taxation all parts which plaintiff had attached to the trucks on January 1, 1967, would also be exempt.

The remaining issue concerns whether other parts in plaintiff's inventory which had not yet been attached to the truck chassis were also exempt from taxation.

The inventory consists of items such as pumps, lights, and sirens which have been purchased by plaintiff to be eventually installed on chassis which had been ordered but not yet delivered to plaintiff. The

---

[1] Neither did the plaintiff have the type of possession or control of the chassis as required by ORS 308.105. The plaintiff was not using the fire trucks for fire purposes and was not using them for his own benefit. His possession resembled that of a bailee who possessed the trucks to make necessary repairs and when the repairs were completed was obligated to return the trucks to the owners.

parts are purchased by plaintiff, billed and delivered to plaintiff who later collects from the purchasers.

Plaintiff also carries a general inventory of parts which have not been purchased for a specific order and which are available for sale to any purchaser.

Plaintiff's president testified that the parts ordered for a specific chassis are kept separate from the general inventory. However, he also testified that a municipality which has placed an order for parts to be placed on a specific chassis often came in and withdrew the parts, apparently for some other use.

■ The evidence does not establish that the parts were exempt from taxation. The plaintiff ordered the parts, paid for them and later sold them to the municipalities who were free to acquire them for purposes other than installation on the specific chassis ordered. To allow an exemption for these parts would amount to exempting inventories of any manufacturer who happened to have municipalities as customers.

It is impossible to determine from the evidence the true cash value of the plaintiff's nonexempt property on hand on January 1, 1967, and the case must be remanded to the Department of Revenue for a determination of true cash value. The plaintiff was on a fiscal year basis from March 31 to April 1. On March 31, 1967, plaintiff's balance sheet showed inventories of $130,991.88. The defendant contends that this amount should be used as plaintiff's inventory as of January 1, 1967. The plaintiff contends that its January 1, 1967, nonexempt inventory amounted to $5,813.91. Neither amount is acceptable because the defendant's valuation includes items which are exempt and the plaintiff's valuation omits nonexempt items. Plaintiff has further contended that the "work in

progress" figures on the March 31, 1967, balance sheet are not indicative of what was on hand on January 1. No decision is made as to the appropriateness of the March 31 balance sheet figures and the case is remanded to the Department of Revenue for the parties to determine the true cash value of the nonexempt inventory as of January 1, 1967.