No. 11 January 16, 2013 77

IN THE OREGON TAX COURT
REGULAR DIVISION

DEATLEY CRUSHING COMPANY,
*Plaintiff,*

*v.*

MORROW COUNTY ASSESSOR,
*Defendant,*

*and*

DEPARTMENT OF REVENUE,
*Defendant-Intervenor.*

(TC 5067)

Plaintiff (taxpayer) appealed personal property tax assessments made by Defendant Morrow County Assessor (the county). Parties jointly petitioned for special designation to the Regular Division of the Tax Court, and proceeded on cross-motions for summary judgment. The county assessed taxpayer's mobile rock crushing plant because the plant was in Morrow County on the assessment day of January 1, 2011, arguing that the full value of the subject property was taxable. Taxpayer asserted that the subject property was not taxable because it did not have a tax situs in Morrow County as of January 1, 2011. Granting the department's motion, the court ruled that the relevant case law and appropriate administrative rule led to a conclusion that the property was situated in Oregon for purposes of ORS 307.030 and subject to taxation at its situs in Morrow County.

Oral argument on cross-motions for summary judgment was held November 19, 2012, in the courtroom of the Oregon Tax Court, Salem.

Carol V. Lavine, Attorney at Law, Gladstone, filed the motion and argued the cause for Plaintiff (taxpayer).

Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant-Intervenor (the department).

Decision for the department rendered January 16, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This property tax case is before the court on cross-motions for summary judgment. Plaintiff (taxpayer) and

Defendant-Intervenor Department of Revenue (department) entered into a stipulation of facts and filed briefs as to their positions. Defendant Morrow County Assessor filed an appearance in the matter, but did not submit a motion.

## II.   FACTS

Taxpayer is a company that works on large construction projects in the states of Idaho, Washington and Oregon, providing road building aggregates and asphalt aggregates. Production of the aggregates involves use of production plants, comprised of several pieces of tangible personal property. The production plants are moved from job to job but often remain in one location for significant periods of time.

The subject property is one of six such plants. It was located in Morrow County on January 1, 2011. It had been brought to its Morrow County site on December 6, 2010, and left that site on January 26, 2011. Prior to its arrival in Morrow County, the subject property was used at various sites in Oregon for most of the calendar year 2011, including projects in the counties of Gillam, Union, Baker, Douglas, Wasco, Deschutes, Klamath, and Lane. The subject property crossed into the state of Washington in October of 2011 and operated in Washington for the remainder of the calendar year.

Defendant Morrow County Assessor has taken the position that because the plant was in Morrow County on the assessment day of January 1, 2011, the full value of the subject property is taxable. Taxpayer asserts that the subject property is not taxable because it did not have a tax situs in Morrow County as of January 1, 2011. The subject property is subject to taxation in Idaho, the commercial domicile of taxpayer, only for the proportion of the year that the property is in Idaho.

## III.   ISSUE

The issue is whether the subject property is taxable in Oregon under the provisions of ORS 308.105.

## IV.   ANALYSIS

It is important to note that if the property in question here is not taxable in Morrow County, it would not be

taxable in Oregon for the 2011-12 year, even though it was present in Oregon for substantial portions of the 2011 calendar year and the 2011-12 tax year.

ORS 308.105(1) provides:

"(1)   Except as otherwise specifically provided, all personal property shall be assessed for taxation each year at its situs as of the day and hour of assessment prescribed by law."[1]

The department has adopted Oregon Administrative Rule (OAR) 150-308.105, a rule relating to ORS 308.105. It provides in relevant part:

"Personal property is assessable under ORS 308.105 if it is in Oregon on the assessment date, January 1, at 1 a.m., and meets the following conditions:

"(1)   The property is not in transit, but has come to rest in Oregon;

"(2)   The property was not here by misadventure or some reason beyond the owner's control. The owner intended the property to remain here for the time being;

"(3)   While in Oregon the property performed the service for which it was designed and for the benefit of the owner's business;

"(4)   Was not in Oregon solely for repairs."

Taxpayer makes no challenge that taxation of the property by Morrow County for the 2011-12 tax year would be a violation of the Oregon Constitution or the Constitution of the United States. Taxpayer argues that its property does not fit within the rule promulgated by the department or, if it does, the rule is invalid as being in conflict with governing decisions of the courts.

Taxpayer argues that Oregon law, as construed in the existing cases, considers tangible personal property to have a situs only when it has a situs of a permanent nature. Taxpayer points out that the property in question here was moved to 11 different counties in Oregon and Washington in 2011 and that it had been used at 14 different sites in three

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2011 edition.

states in 2010. Taxpayer concludes that the property therefore did not have a situs of a permanent nature in Morrow County on January 1, 2011.

The cases upon which taxpayer relies are *In Re Hayes' Estate*, 161 Or 1, 86 P2d 424 (1939) (*Hayes*) and *Western States Fire Apparatus, Inc. v. Dept. of Rev.*, 4 OTR 11 (1969) (*Western States*). *Hayes* involved an inheritance tax but did deal with the question of the situs of tangible personal property. However, many of the cases relied upon by the court there had to do with constitutional principles regarding state taxation of personal property rather than the scope or reach of statutes. Indeed, the United States Supreme Court reversed the judgment of the Oregon court as to the constitutional questions present in the case. In this case, taxpayer raises no constitutional challenges and the question for the court is the meaning of "situs" as used in ORS 308.105.

Nonetheless, the court in *Hayes* did come to a conclusion about situs that appears to have been influential as it follows generally the terms of OAR 150-308.105.[2] The court noted that if situs is defined with the use of the term "permanent," little, if any tangible personal property would be subject to tax in many instances. The court instead concluded that the situs of tangible personal property was the place of "more or less permanent use or location of the property in that place without immediate intention of removing or disposing of the same." *Hayes*, 161 Or at 12-13. Or, stated otherwise, permanent meant "more or less permanent \*\*\* for the time being." *Id.* at 20.

The court is concerned about how authoritative the *Hayes* decision is when the problem is the construction of ORS 308.105, a statute that does not contain the word "permanent." However, even if *Hayes* is authoritative, its principles lead to the conclusion that the property here had acquired a situs in the county on the assessment date. At that time, the county was the location of the property chosen by the taxpayer with no immediate intention of removing the property or disposing of the same.

---

[2] All references to the Oregon Administrative Rules (OAR) are to the 2011 edition.

        In *Western States,* the taxpayer complained of the actions of the Washington County Assessor in adding certain personal property to the assessment rolls. The property in question included four fire trucks owned by the taxpayer in that case, a company apparently located in Washington County. *Western States*, 4 OTR at 13-14. The taxpayer had loaned the trucks to municipalities outside Washington County as a convenience and without remuneration. *Id.* at 14. The fire trucks were outside Washington County on the assessment date and the taxpayer there maintained that the county lacked jurisdiction to subject the trucks to taxation. *Id.*

        In *Western States* this court started by stating that generally, "the taxable situs of personal property is considered to be the domicile of the owner, unless it is shown that the property has attained an actual situs of a permanent nature in another jurisdiction." *Id.* In support of that proposition, the court cited no Oregon case, relying instead on cases from other jurisdictions, including one in which the court stated that the taxability of personal property as the domicile of the owner is not affected by occasional excursions to a foreign jurisdiction. *Id.* The court also cited to another case in which the term "situated" was held to connote a more or less permanent location. Without further analysis, this court concluded:

> "Here the plaintiff was the owner of the trucks and because of the loan to other municipalities, their situs outside Washington County was only temporary. Upon termination of the loan they would be returned to their permanent base at plaintiff's location. They were subject to taxation in Washington County and should have been reported on plaintiff's personal property tax return."

*Id.* at 15.

        Taxpayer argues that *Western States* requires the conclusion that the property in question here be treated as only temporarily away from the domicile of taxpayer and as such, only taxable in that domicile, that is Idaho. However, not even Idaho, the state of corporate domicile of taxpayer, reaches that conclusion. Idaho subjects property of this type to taxation only to the extent that it was present in Idaho

during the tax period. *See* Idaho Code § 63-313(3). In this case the property in question was outside of Idaho for a significant part of the period in question.

The opinion in *Western States* does not reveal for what periods of time the trucks in question in that case were outside Washington County. The court simply concluded that the period of time was "only temporary." *Western States*, 4 OTR at 15. Perhaps the court concluded that the loans amounted to "occasional excursions." The court also described the Washington County location as a "permanent base." *Id.* The record in this case does not establish that taxpayer's property had a "permanent base." Rather, the business of taxpayer was predicated on the property moving from job to job without necessarily retuning to the Idaho headquarters after any given job was completed.

These distinctions seriously weaken the applicability of *Western States* as authority for this case. In addition, the court questions whether the logic of that case still is the law or even was the law at the time *Western States* was decided. The logic in *Western States* was that the situs of personal property, tangible and intangible, is considered to be the domicile of the owner and another situs requires some form of permanent location elsewhere. While this premise, as to the role of domicile, may be true as to the situs of intangible personal property, it has been recognized by the Oregon Supreme Court that the domicile of an owner of tangible property does not govern taxation where the property is in Oregon on the assessment date and the property is in Oregon for the purposes of the owner.[3]

In *Hayes*, the court, in a case not dealing with the property tax statutes, concluded only that the presence in Oregon had to be "more or less" permanent and that could be true of presence in Oregon where the owner had no immediate intention of removing the property or disposing of it.

---

[3] In this regard, one fact in *Western States* may be particularly important. The trucks in that case were loaned without "remuneration." The court's language may have been shorthand for the trucks not being in the other county for purposes of the owner. In this case the property was in Morrow County for purposes of the owner.

Consistent with that approach is *Stebco Inc. v. Gillmouthe,* 189 Or 427, 221 P2d 914 (1950), *cert den*, 340 US 920. In *Stebco*, a log raft was being taken down the Columbia River and found itself in Hood River on the assessment day. *Id.* at 429. Although the ultimate destination of the logs was a mill in Washington, the mill was not prepared to receive the logs and they had to be held for delivery at a later time. *Id.* at 430. The court observed that the Oregon statutes then, as they do now, purport to subject to taxation all property present in the state on the assessment day.[4] *Id.* at 437. The court in *Stebco* observed that the presence of the logs in Oregon on assessment day was not incidental but rather was for the purposes of the owner. *Id.* at 442.

In *Weyerhaeuser Co. v. Tax Comm.*, 244 Or 561, 419 P2d 608 (1966) the court concluded that logs in transit but present in Oregon for the convenience of the owner were exempt from tax, but only because the so-called "Free Port Act" exemption, then existing in Oregon law, applied. *Id.* at 566. Although the court did not address the question of whether the logs were subject to tax at all, it—and the parties—implicitly accepted that the "Free Port Act" exemption was needed because the property was subject to taxation.

Given these authorities and the other considerations mentioned above, this court now concludes that *Western States* is not authoritative for purposes of deciding this case.

The provisions of OAR 150-308.105 are consistent with the case law viewed as authoritative. Applying that case law and that rule, the court concludes that the property in question here was situated in Oregon for purposes of ORS 307.030 and subject to taxation at its situs in Morrow County. The court notes that, upon a showing that property is only present in a state for a portion of a year, relief, at least in part, from taxation may be constitutionally required. *See Central R. Co. of Pa. v. Pennsylvania*, 370 US 607, 611-12, 82 S Ct 1297, 8 L Ed 2d 720 (1962) (observing that "multiple taxation of interstate operations" offends the Commerce

---

[4] ORS 307.030 requires that all tangible personal property situated in this state be taxed and to that end ORS 308.105 requires the assessment of all personal property at its situs on the statutory assessment date.

Clause of the United States Constitution). No such claim or showing has been made in this case.[5]

## V.   CONCLUSION

The motion of the department is granted and the motion of the taxpayer is denied. Counsel for the department is directed to submit an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant-Intervenor's Cross-Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment is denied.

---

[5] The court also notes that ORS 311.475 appears to address the situation where property taxable in one county is removed to another county.