(120 App. Div. 795)

### MUTUAL MILK & CREAM CO. v. HELDT.

(Supreme Court, Appellate Division, First Department.   July 15, 1907.)

INJUNCTION—BREACH OF RESTRICTIVE COVENANT.

> Plaintiff employed defendant as a driver to deliver and collect for milk and cream under a contract providing that each should give the other one week's notice of termination of the employment.   The contract also declared that defendant would not, on behalf of himself or any one else, solicit orders for or serve milk or cream to any of complainant's customers for 36 months from the date of his leaving complainant's employment.   *Held*, that such provision was an independent covenant, based on a sufficient consideration, which plaintiff was entitled to enforce by injunction, though defendant had been discharged without the requisite notice; plaintiff having tendered a week's pay instead, which defendant refused.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 117–121.]

Appeal from Special Term, New York County.

Suit by the Mutual Milk & Cream Company against Herman Heldt. From an order denying plaintiff's motion for an injunction pendente lite, it appeals.   Reversed.   Motion granted.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, LAMBERT, and HOUGHTON, JJ.

Felix H. Levy (Philip M. Bromberg, on the brief), for appellant.
Joseph H. Hayes, for respondent.

CLARKE, J.   This is an appeal by plaintiff from an order denying its motion for an injunction pendente lite.   The defendant entered into an agreement with the plaintiff by which he was employed as a driver and collector at the rate of $13 per week.   The plaintiff agreed to give him one week's notice in case his services were no longer required, and defendant agreed to perform his services honestly and give one week's notice in case he wished to sever his connection with the company, and deposited $50 as a guaranty of good faith and honesty while in its employ.   The contract, which was in writing, contained this further provision:

> "The party of the first part further agrees, in consideration of this employment, that he will not, either in his own behalf or in behalf of any one else, solicit orders for or serve milk or cream to any of the customers belonging to the party of the second part for the term of 36 months from the date of his leaving the employ of the party of the second part."

After he had been at work from November 14, 1905, to April 15, 1907, he was discharged.   He did not receive the one week's notice provided for, but upon the settlement of his accounts was tendered pay for that week which he refused.   The Special Term refused to enforce the covenant and grant the injunction, upon the ground that by the discharge without the notice provided for in the contract the plaintiff breached the contract, and had therefore no rights remaining under the said contract.

It seems to me that the covenant upon which this action is based was an independent covenant, and was entered into as a consideration of the employment, and that the injury and wrong which it was sought to

guard against was within the contemplation of the parties at the time they entered into the contract, and was not dependable upon the manner of the defendant's leaving the employ of the plaintiff, but upon the fact of his leaving. In Mutual Milk & Cream Company v. Prigge, 112 App. Div. 652, 98 N. Y. Supp. 458, in considering the precise covenant sued on in the case at bar, this court said:

"The terms imposed were not unusual or unreasonable. It was a perfectly proper condition for the plaintiff to insist upon as a condition precedent to the employment, or as a condition of the continuance thereof, that its employé should not, after becoming acquainted with its customers, leave its employ and solicit business for another in competition with it."

We sustained an injunction in the action, although the defendant in that case, at the time of entering into the contract and at the time the suit was instituted, was an infant and had continued in the employment about 3 months. As this court held that the injunction was properly issued in that case, it seems proper here, where the defendant is an adult and had continued in the employment for a period of 17 months, with the opportunity to become acquainted with the clientele of the plaintiff, which opportunity he would not have had, unless he had agreed to make the covenant which is the basis of this action.

The failure to give the week's notice of the discharge is of no importance, because of the tender of the week's wages. The defendant was put in a better position by the tender of the week's wages without serving than he would have been by the notice and payment after the week's service. The thing attempted to be guarded against was the use of the knowledge of the plaintiff's customers, obtained by reason of the employment, after the employment had ceased, against the company. This covenant, therefore, depended, not upon the manner of the cessation of the employment, but upon the fact thereof.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant. All concur.

