Argued October 24, 1930; affirmed February 10; rehearing denied
March 17, 1931

## COLUMBIA TENT & AWNING CO. *v.* THIELE

(295 P. 501)

*A. E. Clark* and *Samuel B. Weinstein,* both of Port-
land (Clark & Clark, of Portland, on the brief) for
appellant.

*Wilber Henderson,* of Portland, for respondent.

BELT, J. Plaintiff appeals from a decree dismiss-
ing its suit to enjoin defendant from violating his
contract not to engage in the tent and awning business
in the state of Oregon. In February, 1929, five firms
engaged in the manufacture and sale of tents, awnings,
and shades in the city of Portland entered into an

agreement to sell their respective stocks and good will to the plaintiff corporation which they caused to be organized. Defendant was particularly active in bringing about this merger and has been director of the corporation since its organization. Stock in the new company was accepted by the various firms in payment for the goods sold to it. It was expressly agreed that each of the respective sellers would not directly or indirectly engage in such business in Oregon so long as they retained any interest in the corporation, nor would they so do for a period of five years from date of "withdrawal or sale of stock." At time of sale to plaintiff, defendant was doing a tent and awning business under the name of "City Awning and Shade Company." In July, 1929, although retaining his interest in the plaintiff company, he moved to a new location in the city and carried on the same business in competition with plaintiff under the name of "Rose City Tent and Awning Company."

It is plain that defendant violated the contract not to engage in the tent and awning business. It is his contention, however, that the contract should not be enforced for the reason that its purpose was to create an unlawful monopoly in the tent and awning business by controlling the price and suppressing competition.

It is well settled here, as elsewhere, that such contracts are enforcible even though in partial restraint of trade: *Thompson Optical Institute v. Thompson,* 119 Or. 252 (237 P. 965); *Coker & Bellamy v. Richey,* 104 Or. 14 (202 P. 551, 204 P. 945, 947, 22 A. L. R. 744); *Seeck v. Jakel,* 71 Or. 35 (141 P. 211, L. R. A. 1915A, 679). We see no reasonable likelihood that this merger of business interests, aggregating an

inventory value of only $84,000, will result in a monopoly of the tent and awning business in the city of Portland. There are several large department stores in Portland which carry standard tents and awnings. There is nothing in the contract itself so inimical to the public welfare as to justify a court of equity in refusing the equitable relief sought.

It is urged, however, that the manner in which the business has been operated has, in many instances, resulted in the perpetration of a fraud on the public. The record discloses that it was common practice for several of the firms, who retained their old names and locations, to submit bids on particular jobs leading the customer to believe there was competitive bidding, whereas the amount of the bid was, in fact, fixed and determined by the plaintiff. The firm which had the lowest bid and which secured the job would, when the work was completed, bill the customer on letterheads using the old firm name. The proceeds, however, eventually reached the plaintiff corporation. The evidence convinces us that such plan was followed to prevent competition and to fix prices. It was a method of doing business which speaks loudly of fraud.

Neither party has come into equity with clean hands. The trial court was right, under the facts of this case, to refuse to grant equitable relief.

Decree is affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.