GRACE G. HIGGINSON, Appellant, v. PHILIPSTOWN-HIGHLAND Co., INC., and Another, Respondents.— Action for declaratory judgment to determine the ownership and interests of the parties prior to May 21, 1932, in a strip of land taken on that date in condemnation proceedings instituted by the county of Putnam. Judgment modified by striking from the second adjudging paragraph thereof the words " defendant, the Philipstown-Highland Co., Inc.," and by inserting in place thereof the word " plaintiff." As so modified, the judgment is unanimously affirmed, with costs to the plaintiff. The uncontradicted testimony showed that the trees in question were planted by plaintiff's ancestor. The fact that the naked fee was not owned by that ancestor does not prevent the value of these trees inuring to the benefit of the plaintiff in view of their having been planted by plaintiff's ancestor and utilized for ornamental and shade purposes for the benefit of the abutting land of the plaintiff, which planting and maintenance of the trees were with the acquiescence of the fee owner. (*Lane* v. *Lamke*, 53 App. Div. 395; *Donahue* v. *Keystone Gas Co.*, 181 N. Y. 313.) Findings of fact and conclusions of law will be modified accordingly. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ. Settle order on notice.

INTERSTATE TEA Co., INC., Respondent, v. AL A. ALT, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. The action is for an injunction against a former employee to enforce a negative covenant not to solicit any persons, etc., who are, or in the future may become, plaintiff's customers. The covenant contains no limitation as to time or space, is harsh and oppressive to defendant and is not necessary for the protection of plaintiff's business. Such a covenant is against public policy and will not be enforced in a court of equity. (*Diamond Match Co.* v. *Roeber*, 106 N. Y. 473; *McCall Co.* v. *Wright*, 133 App. Div. 62; affd., 198 N. Y. 143; *Kaumagraph Co.* v. *Stampagraph Co., Inc.*, 197 App. Div. 66; affd., 235 N. Y. 1; *New York Linen Supply & L. Co., Inc.*, v. *Schachter*, 125 Misc. 805; affd., 220 App. Div. 713; *Gilbert* v. *Wilmer*, 102 Misc. 388; *Witmark & Sons* v. *Peters*, 164 App. Div. 366.) Only a covenant which is reasonably limited will be sustained. (*Mutual Milk & Cream Co.* v. *Heldt*, 120 App. Div. 795, followed in *Borden's Farm Products Company, Inc.*, v. *Baulieu*, 240 id. 1032; *Witkop & Holmes Co.* v. *Boyce*, 61 Misc. 126; affd., 131 App. Div. 922; *New York Wet Wash Laundry Co.* v. *Unger*, 170 id. 761; *Eastern N. Y. Wet Wash Laundry Co.* v. *Abrahams*, 173 id. 788.) Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur. Settle order on notice.