Argued July 24; affirmed July 30, 1935

## SNOW CAP DAIRY, Inc., v. ROBANSKE

(47 P. (2d) 977)

*Jesse G. Warrington* and *Robert F. Maguire*, both of Portland (Maguire & Shields, of Portland, on the brief), for appellant.

*Henry S. Westbrook*, of Portland, for respondent.

CAMPBELL, C. J. Plaintiff seeks an injunction against defendant to restrain him from soliciting customers and patrons of plaintiff, and for damages.

Upon trial, the circuit court dismissed the temporary injunction theretofore issued, and dismissed plaintiff's suit. Plaintiff appeals.

During the year 1929, appellant and his predecessor in interest was and ever since has been engaged in the dairy business, operating a pasteurizing and bottling plant in Portland. Respondent, during the same time, was the owner of a truck suitable for delivering milk. On March 15, 1930, appellant and respondent entered into an agreement by which respondent was to deliver milk and dairy products for appellant over a certain "route" in the vicinity of appellant's plant. This agreement contained, among others, the following provisions which the parties hereto claim are the only ones pertinent to the question herein presented:

"* * * Whereas the party of the second part (respondent) has taken over in his charge a retail route which is known as the Snow Cap Dairy, which he, the second party, agrees to build up and to be known to all as the Snow Cap Dairy.

"It is understood that the party of the second part is to receive at the rate of 3c per bottle for delivery and collection of products and 5c per gallon for buttermilk delivered by the gallon. If for some reason he becomes dissatisfied with said route he is to return same to Snow Cap Dairy without compensation."

During the year 1933, some controversy arose between the parties to said agreement over respondent's compensation for services in the delivery of the milk and dairy products and appellant discharged him from its employ. Thereafter respondent entered the employ of another dairy concern and endeavored to secure customers from among the patrons of appellant and others along the same route that he served while in the employ of appellant.

There is really no controversy between counsel as to the law, the dispute being as to its application to the facts in this case; the contention of appellant being: That the foregoing provisions should be construed as

if they contained an agreement on the part of the respondent that he should not, after leaving the employ of appellant, solicit business along the same route in competition with appellant.

We agree with counsel for appellant, that a party will be enjoined from soliciting customers of another party in violation of his contractual obligation to refrain therefrom. In every case cited by appellant in support of this proposition, the contract of employment had a clause to the effect: That when the employment should cease, the employee would thereafter refrain from soliciting the customers of the employer to give their patronage to some one else: *Mutual Milk and Cream Company v. Prigge*, 112 App. Div. 652 (98 N. Y. S. 458); *Mutual Milk and Cream Company v. Heldt*, 120 App. Div. 795 (105 N. Y. S. 661); *Eastern New York Laundry v. Abrahams*, 173 App. Div. 788 (160 N. Y. S. 69); *Wallach Laundry System v. Fortcher*, 116 Misc. 712 (191 N. Y. S. 409). Where one sells a professional business and its *good will*, there would seem to be an implied contract that the vendor would not thereafter enter into competition with the vendee and thus destroy the good will he sold: *Foss v. Roby*, 195 Mass. 292 (81 N. E. 199, 10 L. R. A. (N. S.) 1200, 11 Ann. Cas. 571). Where a mercantile or manufacturing business is sold with a covenant that the vendor will not engage in competition with the vendee, such an agreement will be enforced although it is in partial restraint of trade: *Columbia Tent and Awning Company v. Thiele*, 135 Or. 511 (295 P. 501), and cases therein cited.

Respondent did not contract with appellant to such effect. Respondent's contract was "to return the same [route] to the Snow Cap Dairy without compensation". By no stretch of the imagination can this pro-

vision be construed to mean that after respondent was discharged or quit he should refrain from soliciting the customers upon said route for himself or for any other party. Our statute provides:

"In the construction of * * * [an] instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; * * *" Oregon Code 1930, § 9-214.

The appellant does not claim that there was any mistake or imperfection in either of the foregoing provisions of the contract.

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms." Oregon Code 1930, § 9-212.

The decree of the circuit court will be affirmed.

It is so ordered.