LEWIS STEINFELD, Plaintiff, *v.* EDWARD HAUSEN, Defendant.

Supreme Court, Trial Term, Bronx County, January 28, 1943.

*Simon M. Platt* for plaintiff.

*S. J. Joseph* and *Samuel M. Reiss* for defendant.

BENVENGA, J. This is an action for an injunction and an accounting. The plaintiff, a real estate broker, entered into a contract of employment with the defendant, a real estate salesman, whereby the defendant agreed: (1) that, upon the termination of the contract, he would not open a real estate office or accept employment in any office within a radius of twenty

square blocks from plaintiff's office for a period of one year; (2) that he would not disclose to any person any information obtained by him while in plaintiff's employment, concerning any real estate or clients; and (3) that he would share commissions from any sales that he might thereafter make to a customer from plaintiff's office, or whom he met while in plaintiff's employment, or upon the sale of a building which had been listed in plaintiff's office.

As a general rule, covenants in restraint of employment will not be enforced unless there are special circumstances that render the restriction a reasonable protection to the employer's business. If the covenant is not more extensive as to time and space than will afford a reasonable protection to the employer's business, it will be enforced; but if the covenant unreasonably restricts the employee's right to pursue his trade or occupation in the future, it is against public policy and void. The test is whether the agreement, under the circumstances of the particular case, taking into consideration the nature of the business, the situation of the parties and other relevant circumstances, is reasonable and necessary for the protection of the employer's business, and not so unreasonable as to impose undue hardship on the employee. (*Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1, 6, 9; *Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312, 317–318, 321; *Interstate Tea Co.* v. *Alt*, 245 App. Div. 818; *Foster* v. *White*, 248 App. Div. 451, 453–454; *Barnard Bakeshops, Inc.*, v. *Dirig*, 173 Misc. 862.)

Judged by this standard, it seems to me that covenant numbered (1) is reasonably limited as to time and area and, therefore, enforcible (*Kislak* v. *Muller*, 100 N. J. Eq. 110, 115). Covenant numbered (2), however, is too broad in scope. It is not limited to trade secrets, or to secret lists of customers, or to other information of a confidential nature. It embraces " any information " concerning real estate or clients, whether secret, confidential, or not, acquired in the course of the defendant's employment. It is, therefore, unenforcible. Covenant numbered (3) is not a covenant in restraint of trade or employment, nor is it against public policy. Reasonably construed, it is valid and enforcible. The evidence shows that, after the termination of the contract, the defendant made three sales. The sales to Pollock and Schweit come directly within the purview of the contract. On these sales, defendant received commissions of $475 and $250 respectively. Clearly, the sale to Stebbins does not come within the spirit of the agreement. There is no evidence that, in making the sale, the defendant made use of any

information, secret or otherwise, acquired by him in the course of his employment with the plaintiff. Nor is there any evidence that the defendant met Stebbins while in plaintiff's employ. Indeed, the evidence is to the contrary. In short, this sale is in no way related to defendant's previous association with the plaintiff.

Accordingly, judgment is directed for the plaintiff and against the defendant in the sum of $483.33, with interest. Injunction granted to the extent indicated. Settle judgment.