Argued and submitted March 4, reversed April 6, 1982

SATTERFIELD,
*Respondent,*
*v.*
SATTERFIELD,
*Respondent on Review,*
*and*
WAUSAU INSURANCE COMPANIES,
*Petitioner on Review.*

(CA 19757,   SC 28225)

643 P2d 336

David Horne, Beaverton, argued the cause for petitioner on review and filed the brief.

Stanton F. Long, Deputy Attorney General, Salem, argued the cause for respondent on review. On the brief were David B. Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

Before Denecke, C.J., and Lent, Linde,** Peterson, Tanzer and Campbell, JJ.

TANZER, J.

---

** Linde, J., did not participate in this decision.

## TANZER, J.

This is a post-decree garnishment proceeding in a dissolution suit.[1] Plaintiff, while behind in his child support payments, received a workers' compensation award payable in monthly installments. Shortly thereafter, the Support Enforcement Division of the Department of Justice, acting on behalf of plaintiff's former wife, served a writ of garnishment upon the insurer. The circuit court dismissed the garnishment on the basis of ORS 656.234. The Court of Appeals, in banc, citing its earlier decision in *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164, 489 P2d 403 (1971), reversed and remanded, reinstating the garnishment. Four members dissented.

The controlling statute purports to exempt workers' compensation benefits from garnishment. ORS 656.234 provides:

"No moneys payable under ORS 656.001 to 656.824 on account of injuries or death are subject to assignment prior to their receipt by the beneficiary entitled thereto, nor shall they pass by operation of law. All such moneys and the right to receive them are exempt from seizure on execution, attachment or garnishment, or by the process of any court."

The words of ORS 656.234 clearly and unambiguously exempt moneys payable as workers' compensation benefits from garnishment. It is fundamental that courts apply clear, unambiguous, constitutional statutes according to their plain meaning, without resort to extrinsic evidence of legislative intent, *Hillman v. North. Wasco Co. PUD,* 213 Or 264, 310, 323 P2d 664 (1958); *School Dist. 1, Mult Co. v. Bingham et al,* 204 Or 601, 604, 283 P2d 670, 284 P2d 779 (1955), unless application of the literal meaning would produce an unintended, absurd result, *Brown v. Portland School Dist. #1,* 291 Or 77, 83, 628 P2d 1183 (1981), or "if the literal import of the words is so at variance with the apparent policy of the legislation as a whole as to

---

[1] This case and *McIntyre v. Wright,* 292 Or 784, 643 P2d 338 (1982) (decided this date), present the same issue and were consolidated for argument. The issues presented and our resolution of them are identical. We have chosen to state our opinion in this case because this was the lead case in the Court of Appeals. Our decision and opinion is based on the advocacy in both cases.

bring about an unreasonable result," *Johnson v. Star Machinery Co.,* 270 Or 694, 704, 530 P2d 53 (1974). Although one policy of the Workers' Compensation Act is to provide for dependents, another is to provide for the worker. We do not find that the literal import of the words produces a result so absurd or unreasonable in light of the apparent policy of the Act that we can say that the intention of the legislature requires that we disregard their plain meaning.

In *Calvin,* the Court of Appeals looked behind the clear language of the statute and held that a garnishment on behalf of the worker's dependents was permissible because the policy of the Workers' Compensation Act was to provide care and support for injured workmen "and their dependents," ORS 656.012 (formerly ORS 656.004). That holding is consistent with the few cases we find decided elsewhere, *see* Anno., Workmen's Compensation—Exemptions, 31 ALR3d 532, 542. Assuming for argument that a statutory policy statement would have the force of a directory statute, a conflict would be presented between the general provision of ORS 656.012 and the specific provision of ORS 656.234. The latter would prevail because the resolution of such conflict would be governed by ORS 174.020, which provides:

> "In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

We conclude that the workers' compensation benefits in the hands of the insurer are exempt from garnishment, including garnishment for the enforcement of the rights of dependents, under the clear, unambiguous provisions of ORS 656.234. *Calvin v. Calvin, supra,* is disapproved.

The judgment of the Court of Appeals is reversed. The circuit court order of dismissal is affirmed.