Argued and submitted March 13, reversed and remanded with instructions
June 24, 1987

## FARMERS INSURANCE COMPANY OF OREGON,
*Appellant,*

*v.*

## WICKHAM et al,
*Respondents.*

(8505-03078; CA A39754)

739 P2d 30

Thomas M. Christ, Portland, argued the cause for appellant. With him on the briefs were Barry F. Shanks, Portland, and Mitchell, Lang & Smith, Portland.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

* Joseph, C. J., *vice* Young, J.

## VAN HOOMISSEN, J.

This is an action for a declaratory judgment. Farmers Insurance Company (Farmers) sought a declaration that medical assistance payments made to defendant Wickham by the state pursuant to ORS Chapter 414 are "governmental benefits" within the meaning of ORS 743.810(1)(e). There are no issues of fact. The parties filed cross-motions for summary judgment. The trial court denied Farmers' motion for summary judgment and granted defendant's motion, declaring as a matter of law that medical assistance payments are not included in ORS 743.810(1)(e). We reverse.

In April, 1984, Wickham, a pedestrian, was struck by a vehicle driven by Farmers' insured. He incurred approximately $37,000 in medical expenses. The state has made payments toward those expenses pursuant to ORS Chapter 414, which provides for medical assistance for the "medically needy." *See* ORS 414.032. Wickham made a claim for personal injury protection (PIP) benefits under the policy Farmers issued to its insured. Farmers then brought this action, contending that PIP coverage is limited to the excess of expenses over the medical assistance payments paid by the state.

The priority of benefits available to a pedestrian is established in ORS 743.810, which provides, in relevant part:

"(1)   The personal injury protection benefits with respect to:

"* * * * *

"(e)   Pedestrians injured by the insured motor vehicle, other than the insured and members of the family residing in the same household, shall be excess over any collateral benefits to which the injured person is entitled, including but not limited to insurance benefits, governmental benefits or gratuitous benefits."

Hence, if medical assistance payments are "governmental benefits," Farmers' obligation to pay PIP benefits is limited to the excess of expenses over those payments.

Farmers contends that the trial court erred in holding that medical assistance payments are not a type of benefit contemplated by ORS 743.810(1)(e). It argues that the phrase "governmental benefits" should be given its plain, natural and obvious meaning. *See Perez v. State Farm Mutual Auto Ins.*

*Co.,* 289 Or 295, 613 P2d 32 (1980). ORS Chapter 414 provides the medically needy entitlement to medical assistance. *See* ORS 414.036; ORS 414.042. Thus, Farmers argues, excluding medical assistance payments from the definition of "governmental benefits" defies the plain meaning of the statute.

The state responds that the term "governmental benefits" has no plain meaning. Looking to the legislative history of the PIP statutes for guidance, it argues that the legislative intent was to ensure that pedestrians would be indemnified for injury, at least to the statutory minimum provided for PIP coverage. The state buttresses its argument by reference to the other types of collateral benefits mentioned in ORS 743.810(1)(e). It notes that insurance and gratuitous benefits are freely given. There is no recourse back to the recipient to recover those benefits. Therefore, it argues, the "governmental benefits" contemplated by the legislature are only those benefits that are freely given. The state also argues that medical assistance is a type of general assistance. General assistance, in certain circumstances, may be recoverable from the recipient's estate. *See* ORS 411.010 and ORS 411.795. Because medical assistance is sometimes recoverable, the state argues that it is not one of the types of freely given governmental benefits contemplated by ORS 745.810(1)(e).

The state relies on ORS 411.010(2), which defines "general assistance," to argue that medical assistance is a type of general assistance. That statute provides, in relevant part:

> " 'General assistance' means assistance or service of any character provided to needy persons not otherwise provided for to the extent of such need and the availability of funds, including medical, surgical and hospital or other remedial care and costs of burials of needy persons."

The state also relies on ORS 411.795(1), which provides:

> "The amount of any general assistance paid *under this chapter* is a claim against the property * * * of the estate of any deceased recipient or if there be no estate or the estate does not have sufficient assets to satisfy the claim, the estate of the surviving spouse shall be charged for such aid paid to either or both; provided, however, that there shall be no adjustment or recovery of any general assistance correctly paid to or on behalf of any individual under this chapter except after the death of such individual and the surviving spouse of the individual, if any, and only at a time when the

individual has no surviving child who is under 21 years of age or is blind or permanently and totally disabled." (Emphasis supplied).

First, we note that, although general assistance may be the vehicle for medical aid, medical assistance and general assistance are two separate categories of public assistance which are governed by separate ORS chapters. *See* ORS 411.010(3);[1] *see also, generally,* ORS Chapter 411; ORS Chapter 414. Further, ORS 411.795 provides only for recovery of general assistance benefits paid under ORS Chapter 411. The benefits in this case were paid under ORS Chapter 414 and are not recoverable under ORS 411.795. Assistance paid under ORS Chapter 414, however, is recoverable from a recipient's estate, although under even narrower circumstances than under ORS 411.795. *See* ORS 414.105(2).[2]

In construing ORS 745.810(1)(e), we first turn to the language of the statute to determine the legislative intent. *Whipple v. Howser,* 291 Or 475, 479, 632 P2d 782 (1981). We do not look to the legislative history, unless the language of the statute is ambiguous or unless the language produces an absurd or unreasonable result in light of the apparent policy of the legislation as a whole. *Satterfield v. Satterfield,* 292 Or 780, 782, 643 P2d 336 (1982). The language of ORS 743.810(1)(e) is not ambiguous. The literal import of "governmental benefits" would include medical assistance payments made pursuant to the comprehensive statutory scheme to provide public

[1] ORS 411.010(3) provides:

" 'Public assistance' means all types of assistance including old-age assistance, aid to dependent children, aid to the blind, general assistance, aid to the permanently and totally disabled, medical assistance and such other functions as may be delegated to the administrator by or in accordance with the provisions of federal and state laws."

[2] ORS 414.105(2) provides:

"Medical assistance pursuant to ORS 411.405 and this chapter paid on behalf of an individual who was 65 years of age or older when the individual received such assistance may be recovered from the estate, or if there be no estate the estate of the surviving spouse, if any, shall be charged for such aid paid to either or both; provided, however, that claim for such medical assistance correctly paid to the individual may be established against the estate, but there shall be no adjustment or recovery thereof until after the death of the surviving spouse, if any, and only at a time when the individual has no surviving child who is under 21 years of age or is blind or permanently or totally disabled. Transfers of real or personal property by recipients of such aid without adequate consideration are voidable and may be set aside under ORS 411.620(2)."

assistance to those in need. That reading does not lead to an absurd or unreasonable result. The fact that, under a very narrow set of circumstances, medical assistance payments may be recoverable does not contradict their essential character as one type of governmental benefit in the overall statutory scheme of public assistance.

Including medical assistance payments within the meaning of governmental benefits is also reasonable in light of the legislative intent discernible in ORS 743.810(1)(e). The plain language of that subsection indicates that the legislature intended that personal resources, including those provided by the government, be exhausted before recovery may be had from a motorist's PIP coverage.

Reversed and remanded with instructions to vacate summary judgment for defendants and to enter summary judgment for plaintiff.