Argued and submitted October 26, affirmed December 21, 1988, reconsideration
denied March 10, petition for review allowed April 4, 1989 (307 Or 611)
See later issue Oregon Reports

## RONALD SNOW,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(AS-22; CA A46173)

766 P2d 1038

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner, an inmate at Oregon State Pentitentiary, seeks review of a final order of the Superintendent, placing him in administrative segregation for two years, pursuant to OAR 291-46-025(2) and OAR 291-46-035(2). We affirm and write only to respond to an argument made by the state.

The state argues that ORS 421.195, the relevant jurisdictional statute, does not grant this court jurisdiction to review an order for administrative segregation. The state, relying primarily on legislative history, contends that this statute permits us to review only disciplinary segregation orders. We disagree.

ORS 421.195 provides, in pertinent part:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers the inmate for disciplinary reasons or provides for nondeduction from the term of the sentence * * * the order and the proceedings underlying the order are subject to review by the Court of Appeals."

The statute, on its face, makes no distinction between administrative and disciplinary segregation.[1] We must apply clear, unambiguous statutes according to their plain meaning. *Satterfield v. Satterfield,* 292 Or 780, 782, 643 P2d 336 (1982). The statute authorizes our review of orders placing an inmate in segregation for more than seven days. The challenged order placed petitioner in segregation for two years. We have jurisdiction to review under ORS 421.195. This construction is consistent with our holding in *Evans v. OSP, supra* n 1, 87 Or App at 532.

Petitioner also argues that there is not substantial evidence in the record supporting his placement in administrative segregation. That and his other claims of error are without merit.

Affirmed.

---

[1] For a discussion of the difference between disciplinary and administrative segregation, *see Evans v. OSP,* 87 Or App 514, 529, 743 P2d 168 (1987).