Argued and submitted July 15, 1988, reversed and remanded January 11, 1989

STUMPF et al,
*Respondents,*

*v.*

EIDEMILLER et al,
*Defendants,*

STIFF et al,
*Respondents,*

*and*

CONTINENTAL CASUALTY COMPANY,
*Garnishee-Appellant.*

(A8202-01192; CA A44575)

767 P2d 77

Emil R. Berg, Portland, argued the cause for garnishee-appellant. With him on the briefs were Gary V. Abbott, William G. Earle, and Hallmark, Griffith & Keating, P.C., Portland.

Richard P. Noble, Lake Oswego, argued the cause for respondents William H. Stumpf, Personal Representative of the Estate of Elizabeth J. Stumpf, deceased; and William H. Stumpf, individually.

Garry L. Kahn, P.C., Portland, argued the cause for respondents Carl E. Stiff, M.D., and Milwaukie Women's Clinic, P.C., an Oregon professional corporation. With him on the brief was Emerson G. Fisher, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In this garnishment action, Continental Casualty Company (Continental), the garnishee, appeals from a judgment awarding plaintiff $300,000.

Plaintiff had a judgment for $3 million on a medical malpractice claim. Continental controlled that litigation and appealed the judgment for its insured. We affirmed without opinion. 76 Or App 403, 708 P2d 1211 (1985), *rev den* 300 Or 562 (1986). Plaintiff then moved in this court for a 10% penalty for filing an appeal without probable cause. ORS 19.160. We allowed the motion and directed the trial court to enter a $300,000 penalty as part of the judgment. Continental paid its policy limit of $1,000,000, but refused to pay the penalty. Plaintiff garnished the company to recover the penalty. Continental responded by filing a certificate in which it claimed that it owed no sum to the defendants in the malpractice action and that the garnishment did not comply on its face with the requirements of *former* ORS 29.145(2).[1] Plaintiff then served on Continental an order to appear pursuant to *former* ORS 29.285 and filed written allegations. Continental responded with a motion to dismiss, instead of an answer as required by *former* ORS 29.325. The trial court denied the motion, treated it as an answer and entered judgment for plaintiff. Continental then filed a motion for leave to file an answer, which the trial court denied.

■ We must first decide whether a motion to dismiss is proper in a garnishment proceeding. Continental argues that it is an appropriate way to raise questions of law. *See Calvin v. Calvin,* 6 Or App 572, 574, 487 P2d 1164, 489 P2d 403 (1971), *disapproved on other grounds, Satterfield v. Satterfield,* 292 Or 780, 643 P2d 336 (1982). Plaintiff contends that the Oregon Rules of Civil Procedure do not apply to an action governed by a specific statute and that the garnishment statutes do not allow a motion to dismiss. We disagree. The Oregon Rules of Civil Procedure do not apply "where a different procedure is specified by statute." ORCP 1A. In a garnishment action, the allegations are similar to a complaint and state the claim for relief against the garnishee. *Eisele v. Knight, Northern Ins.*

---

[1] The 1987 legislature made major revisions in the garnishment statutes. Or Laws 1987, ch 873. All references in this opinion are to the statutes before the amendments.

*Co.,* 234 Or 468, 470, 382 P2d 416 (1963). The garnishment statutes do not provide "a different procedure" than the rules provide for raising a question of law, and the rules apply.

Continental asserts that an insurance policy may not be subjected to a garnishment proceeding. The trial court, however, correctly concluded otherwise under ORS 23.230. *State Farm and Cas. v. Reuter,* 299 Or 155, 164, 700 P2d 236 (1985); *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 412, 564 P2d 681 (1977). Continental contends next that plaintiff failed to comply with *former* ORS 29.145(2),[2] because the writ is not in substantially the same form as that set forth in the statute. The writ includes all of the required statements. Plaintiff merely included additional language from ORS 29.255(2) and (3) to clarify the part of the statutory "certificate of garnishee" that requires a garnishee to state whether it has in its "possession, control, or custody no property, money, debts, rights, dues or credits *due or to become due owing to the debtor." Former* ORS 29.145(2). (Emphasis supplied.)

Continental next asserts that it does not owe the $300,000 penalty, because the penalty constitutes "damages" and not "claims expenses" under the policy. Plaintiff incorporated the policy in the allegations. The policy language is not in dispute. The policy is unambiguous, and its construction is a question of law. *See Mortgage Bancorp. v. New Hampshire Ins. Co.,* 67 Or App 261, 264, 677 P2d 726, *rev den* 297 Or 339 (1984).

---

[2] *Former* ORS 29.145(2) provided, in part:

"A writ of garnishment shall be in substantially the following form:

"* * * * *

"You are required to answer this writ by filling in the attached 'Certificate of Garnishee' or providing another appropriate certificate and mailing or delivering the original of such certificate to:

"(a) The clerk of the above-named court, if you hold no property of the Debtor, or if the property you hold is a debt or other obligation payable in money; or

"(b) The sheriff of the above-named county, if you hold other property of the Debtor. You must file the certificate within five days from the date this Writ was delivered to you.

"Unless otherwise provided by law, you are also required to pay to the clerk any debt which you owe to the Debtor, as specified above, within five days, and to hold subject to this garnishment any other property now in your possession, control or custody until you receive notice from the sheriff to deliver the property to the sheriff or until you receive notice from the sheriff that this garnishment is no longer effective. * * *"

The policy obligated Continental:

> "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury arising out of the rendering of, or failure to render, services as a physician or surgeon (1) by the insured or (2) by any person for whose acts or omissions the insured is legally responsible."

Continental would not owe $300,000 to plaintiff if the penalty is properly characterized as "damages," because it has paid its damages limit. As originally issued, the policy limited the company's liability for "each claim" to "all damages and claim expenses because of each claim or suit covered hereby." However, an endorsement provided that "claims expenses" are not subject to the $1,000,000 limitation. It states:

> "It is agreed that under coverage A, * * * *all claims expenses are in addition to the company's limit of liability* and not included therein * * *." (Emphasis supplied.)

"Damages," as defined by the policy,

> "under coverage A, includes (but is not limited to) malpractice, error, negligence, mistakes, bodily injury, property damage, autopsies, inquests, unlawful restraint of a person, false arrest, false imprisonment, the prescribing or dispensing of medicine or drugs, assault, battery, libel, slander, defamation of character, unlawful discrimination, violation of civil rights, invasion of privacy, mental anguish, mental shock, undue familiarity, hallucination and malicious prosecution * * *."

"Claims expense" means:

> "(1) fees charged by an attorney disignated [sic] by the company and (2) *all other fees, costs and expenses resulting from the* investigation, adjustment, defense and *appeal of a claim, if incurred by the company,* or by an insured with the written consent of the company." (Emphasis supplied.)

Continental had the right to and did control the case. As a consequence of the appeal, a penalty was assessed. ORS 19.160. The policy distinguishes between liability created by the insured's tortious acts, which it defines as damages, and attorney fees and "all other fees, costs and expenses" involved in the legal process, which it defines as claims expenses. The penalty does not fit within the definition of damages. If the

company is liable under the insurance contract, it is because the penalty is a claims expense.

The proposed answer asserted affirmative defenses that, if sustained, might avoid Continental's liability for the penalty.[3] Generally, after denial of a motion to dismiss, a responsive pleading is to be filed within 10 days after service of the order, unless the court directs otherwise. ORCP 15B(1). Continental did not have an opportunity to file a responsive pleading after the ruling on the motion to dismiss; the trial court incorrectly concluded that it could properly treat the motion as an answer. The court did not have the discretion to deny the garnishee leave to file an answer. *See former* ORS 29.325.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[3] The answer sought to raise failure to state a claim, estoppel and waiver of the right to contend that the penalty is a claims expense and failure of the writ to comply with the statute. The motion was accompanied by an affidavit of Continental's counsel. The purported failure to state a claim and failure of the writ to comply with statutory procedures are disposed of by this appeal.