## STATE ex rel ROBERTS,
*Appellant,*

*v.*

## FAR WEST FEDERAL BANK, N.A., et al,
*Respondents.*

(A8803-01441; CA A50343)

785 P2d 798

Meg Reeves, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jeffrey J. Bennett, Portland, argued the cause for respondent Far West Federal Bank. With him on the brief were Gary E. Rhoades, Laurel A. Bunting and Bauer, Hermann, Fountain & Rhoades, Portland.

Tracy J. Mabry, Portland, argued the cause for respondent Fotomat Corporation. With her on the brief was Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., dissenting.

## RIGGS, J.

Plaintiff, as assignee of 74 individual wage claimants, brought this action for unpaid wages. The trial court granted defendants a summary judgment. We affirm.

T-H Enterprises, Inc. (T-H), entered into an agreement to purchase 76 of Fotomat Corporation's (Fotomat) retail stores in Oregon and Washington in July, 1984.[1] Far West Federal Bank (Far West) loaned T-H $400,000 toward that purchase in July, 1984, and an additional $50,000 in September, 1985. T-H granted Fotomat a security interest in the kiosks, equipment, fixtures and furniture at specific stores and granted Far West a security interest in substantially all of its business property. Far West perfected its security interests in the property at issue here in July, 1984, and October, 1985.

In February, 1988, T-H closed its operations and surrendered its inventory and accounts receivable to Far West pursuant to the security agreement. Fotomat subsequently purchased the inventory and receivables from Far West for $10,000. Far West surrendered its security interest in that property.

Plaintiff, as assignee of the wage claims of the Oregon employees of T-H, sued to void the surrender of assets by T-H to Far West and the subsequent sale of those assets to Fotomat. Plaintiff based its claim on ORS 652.570:

"(1)   Every sale or transfer of any property in payment of any pre-existing debt, or obligation, and every mortgage or lien created or executed to secure the payment of a pre-existing debt, shall be void as against laborers or employees of such vendor, mortgagor, or other lien debtor, to the extent of their claims for wages, not exceeding the sum of $600 to each of said laborers which may be owing for work or labor performed within 90 days next proceeding such sale and transfer or the execution of such lien or mortgage[.]

"* * * * *

"(2)   The vendee or mortgage or lien holder, or assignee, may pay such claim and thereby be subrogated to the rights and lien of such laborer or employee, as against the vendor, principal debtor or mortgagor, and as against subsequent mortgagees or other subsequent lien creditors.

---

[1] T-H is not a party to this action.

"(3)   This section does not apply to any mortgage or lien given in renewal of a pre-existing mortgage or lien."[2]

Plaintiff argues that T-H's surrender of assets to Far West and the subsequent sale by Far West to Fotomat constitute a "transfer of any property in payment of any pre-existing debt, or obligation." Defendants argue that the "transfer" occurred at the time of the perfection of the security interest and thus is not void under ORS 652.570. We agree with defendants.[3]

We look first to the words of the statute. The statute does not define "transfer," but the ordinary legal definition of "transfer" includes:

> "The sale and every other method, direct or indirect, of disposing of or parting with property or with an interest therein, or with the possession thereof, or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, payment, pledge, mortgage, lien, encumbrance, gift, security or otherwise." *Black's Law Dictionary* (5th ed) 1342 (1979).

Far West's security interests in the disputed property were perfected in July, 1984, and October, 1985; the wage claims of the employes arose no earlier than August, 1987. Thus, under that definition, the "transfer" occurred well before the 90-day statutory period.

In addition, the conclusion that ORS 652.570(1) does not defeat a previously perfected security interest is consistent with ORS 652.570 as a whole. For example, ORS 652.570(3) tells us that ORS 652.570(1) and (2), voiding certain kinds of transfers, do not apply to "any mortgage or lien given in renewal of a pre-existing mortgage or lien." When the "mortgage or lien," as opposed to the "debt" in ORS 652.570(1), pre-exists the wage claims, it is protected under the statute. It is illogical to say that a secured interest represented by a mortgage or lien can be renewed within 90 days of a wage claim, as ORS 652.570(3) clearly permits, but that a perfected security

---

[2] Oregon Laws 1989, chapter 651, section 1, *amended* ORS 652.570 to increase the protected amount of $2,000 or 30 days wages, whichever is greater.

[3] The parties agree that the wage claims arose within 90 days of the surrender and sale of the assets and that the claimants met all statutory procedural requirements.

interest not due for renewal within that period is voided by ORS 652.570(1).

Affirmed.

**EDMONDS, J.,** dissenting.

The majority holds that the phrase "[e]very sale or transfer of any property in payment of any pre-existing debt" in ORS 652.570(1) refers only to the transfers of security interests in 1984 and 1985 by T-H to Fotomat and Far West. It ignores the application of the statute to the acts of T-H in 1988 when T-H surrendered its inventory and accounts receivables to Far West. Those actions constituted a transfer to Far West of the remaining property interests owned by T-H in the secured assets. ORS 652.570(1) by its express terms applies to *every* transfer, not to *some* transfers or to only those intended to grant security interests. We should follow the axiom of statutory construction that unambiguous statutes should be construed literally according to their plain meaning unless the literal meaning would produce a plainly unintended, or an absurd result. *See Satterfield v. Satterfield,* 292 Or 780, 782, 643 P2d 336 (1982).

ORS 652.570 was intended to protect unsecured wage claimants, as against other creditors, by making the employer's business assets a source for payment of wage claims to a limited extent. In light of that purpose, holding that the surrender of secured property to a secured creditor is a "transfer" within the meaning of the statute is consistent. Further, to so hold would not be inconsistent with ORS 652.570(3), which exempts a renewal of a pre-existing mortgage or lien. A renewal of a security interest removes no assets as a source for the collection of wages in the event the business subsequently fails.

For these reasons, I dissent.