Argued and submitted November 14, 2014, reversed and remanded
March 30, 2016

Sharon HUGHES,
Personal Representative of the Estate of
Robert L. Hulen, and Kenneth O. Paddock,
*Plaintiffs-Appellants,*

*v.*

Tina EPHREM,
aka Tina Johnson, aka Tina Stevens,
aka Katina Teresa Braxton;
and Tim Ephrem, aka Tom Johnson,
aka Ron Stevens, aka Ronnie Stevens,
*Defendants,*

*and*

H&B JEWELRY & LOAN CO.,
*Garnishee-Respondent.*

Multnomah County Circuit Court
110811164; A155125

371 P3d 501

Erin K. Olson argued the cause for appellants. With her on the briefs was Law Office of Erin Olson, P.C.

Timothy J. Resch argued the cause for respondent. With him on the brief were Anthony J. Dal Ponte and Samuels Yoelin Kantor LLP.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.*

EGAN, J.

---

* Shorr, J., *vice* Nakamoto, J. pro tempore.

**EGAN, J.**

Plaintiffs appeal a judgment dismissing a writ of garnishment that they served upon H&B Jewelry & Loan Company (H&B). H&B, a pawnbrokering business, loaned plaintiffs' debtor money, took a Rolex watch as collateral, and issued the debtor a pawn ticket. Plaintiffs obtained a writ of garnishment and sought to take possession of the watch after tendering the amount of the loan and the interest owed by the debtor. H&B moved to dismiss plaintiffs' writ of garnishment, arguing that plaintiffs' efforts were ineffective, first, because the debtor no longer had an ownership interest in the watch and, second, because plaintiffs were not in physical possession of the pawn ticket given to the debtor. The trial court agreed that plaintiffs could not garnish the watch without physically surrendering the pawn ticket. On appeal, plaintiffs argue that the trial court erred as a matter of law. We agree with plaintiffs and, accordingly, reverse and remand.

The facts are undisputed. In February 2012, plaintiffs obtained a judgment against Tina Ephrem following her conviction for elder abuse. Roughly one year later, Ephrem pawned a Rolex watch to H&B for $1,000. Plaintiffs sought to recover a portion of their judgment by garnishing the watch. To that end, plaintiffs served H&B a writ of garnishment on May 24, 2013.

On May 31, 2013, H&B filed a response to the writ of garnishment, stating, "I may owe money to or hold property of the debtor, but I am not sure what or how much it might be." H&B went on to explain that it had loaned money to Ephrem and had taken the watch as collateral. H&B stated that the loan was overdue, but the watch had not yet been forfeited under the terms of the loan. H&B further explained that it could not determine "whether * * * Ephrem retains an interest in [the watch]" because H&B must deliver the watch to whomever "comes into H&B holding the pawn ticket and timely redeems."

Three days later on June 3, 2013, H&B filed a supplemental response stating, "[Ephrem] has failed to timely redeem the [watch]." Therefore, H&B concluded that the

watch was forfeited and, consequently, H&B did not possess any property belonging to Ephrem.

Plaintiffs filed a motion pursuant to ORS 18.778(1)[1] challenging H&B's response and requesting a hearing to determine whether H&B should be held liable or should be restrained from disposing of the watch. H&B filed a motion to dismiss.

At the hearing addressing H&B's motion to dismiss, plaintiffs argued that the writ of garnishment should not be dismissed because the watch, as "property held by the garnishee pursuant to a security interest granted by the debtor to the garnishee," was garnishable property under ORS 18.615.[2]

H&B advanced two arguments below. First, citing the definition of garnishable property found in ORS 18.615, H&B noted that a writ of garnishment only garnishes the interest that the debtor has in the property. H&B contended that Ephrem's interest in the watch, once she had pawned it, was only a "right to redeem." Based on those premises, H&B asserted that the "right to redeem" is garnishable, but the watch itself is not.

Second, H&B contended that plaintiffs could not garnish the watch because they did not have physical

---

[1] ORS 18.778(1) provides, in part:

"If a garnishee fails to provide a garnishee response within the time required by law, or the response is unsatisfactory to the garnishor, or the garnishee fails to deliver garnishable property under the writ of garnishment within the time required by law, upon application of the garnishor, the garnishee may be ordered by the court to appear at a specified time and place for an examination."

[2] ORS 18.615 provides, in relevant part:

"[A] writ of garnishment delivered to a garnishee garnishes all personal property of the debtor, including but not limited to *** property held by the garnishee pursuant to a security interest granted by the debtor to the garnishee. A writ of garnishment acts to garnish all property of the debtor possessed by the garnishee, all property of the debtor over which the garnishee has control and all property of the debtor that is in the custody of the garnishee. If a person other than the debtor has an interest in the garnished property, the writ of garnishment acts only to garnish the interest of the debtor in the property."

possession of the pawn ticket. In support, H&B noted that, under ORS 726.330,[3] "a pawnbroker shall not be required to deliver a pledge[4] except upon surrender of the pawn ticket." Moreover, under ORS 726.310, "[t]he pawnbroker shall deliver the pledge to the person presenting [the] pawn ticket upon payment of principal and interest due on the pledge loan." Thus, H&B argued that, if pawned property were subject to garnishment and someone other than the debtor tendered the loan and the interest due on the loan and presented the pawn ticket, "then a pawnbroker would be left in the untenable position of either violating the terms of the writ of garnishment, or violating [statutes governing pawnbrokers] and incurring liability to the lawfully successive holder of a pawn ticket." Plaintiffs countered that that scenario would not place the pawnbroker in such a dilemma because both ORS 726.310 and ORS 726.330 are subject to an exception: A pawnbroker is not forbidden from delivering pawned property without surrender of the pawn ticket if "the ticket is impounded or its negotiation [is] enjoined by a court of competent jurisdiction." ORS 726.330. Plaintiffs argued that a writ of garnishment enjoins the negotiation of the pawn ticket and, thus, the exception applies.

The trial court granted H&B's motion to dismiss, stating, "Because plaintiffs did not present the pawn ticket for [the watch], plaintiff's writ of garnishment was ineffective."

On appeal, the parties renew their arguments from below. We conclude that the watch itself is garnishable property prior to forfeiture and the writ of garnishment enjoined the negotiation of the pawn ticket. Consequently, the trial court erred in dismissing the writ of garnishment.

We begin by rejecting H&B's contention that Ephrem's interest in the watch prior to forfeiture constituted only a "right to redeem." On the contrary, until forfeiture,

---

[3] Relevant portions of ORS 726.330 are provided below at 277 Or App at 198.

[4] ORS 726.010(3) defines a "pledge" as "personal property deposited with a pawnbroker in the course of the business of the pawnbroker."

Ephrem had an ownership interest in the watch, albeit one encumbered by H&B's loan. *See Wienstein, Executrix v. Watson, Assessor,* 184 Or 508, 515, 200 P2d 383 (1946) (stating that when property is pawned, but not yet forfeited, there is a "temporary interruption of the custody" of the property, but not an interruption in actual ownership); ORS 726.400(7) (stating that, *after* forfeiture, "the pawnbroker acquires the pledgor's title"). Consequently, we reject H&B's argument that Ephrem had less than an ownership interest in the watch.

We turn to address plaintiffs' contention that the writ of garnishment enjoined the negotiation of the pawn ticket and, consequently, the exception in ORS 726.330 applied, freeing H&B to deliver the watch to plaintiffs even though plaintiffs did not have physical possession of the pawn ticket.

ORS 726.330 provides, in part:

"[A] pawnbroker shall not be required to deliver a pledge except upon surrender of the pawn ticket, unless the ticket is impounded or its negotiation enjoined by a court of competent jurisdiction."

Plaintiffs' contention presents a question of statutory interpretation—namely, what did the legislature mean by its use of the word "enjoined" in ORS 726.330. When interpreting a statute, we "ascertain the legislature's intentions by examining the text of the statute in its context, along with relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier,* 351 Or 68, 75, 261 P3d 1234 (2011).

Examining the text of the statute in context, plaintiffs observe that there are two ways to satisfy the exception. One way to satisfy the exception involves an impounded ticket. In the context of ORS 726.330, plaintiffs contend, and we agree, that "impound" means "to seize and hold in the custody of the law." *Webster's Third New Int'l Dictionary* 1136 (unabridged ed 2002). Because the exception addresses both impounded and enjoined tickets, an enjoined ticket must be a ticket other than one that has been seized by the court. The context also reveals that, similarly to an impounded

ticket, an enjoined ticket is one that the court had acted upon to prevent its "negotiation."[5]

Continuing with their textual analysis, plaintiffs observe that the statute now codified as ORS 726.330 was enacted in 1931. Or Laws 1931, ch 382. Turning to case law contemporary to the enactment of the statute, plaintiffs note that opinions of the Oregon Supreme Court in the 1930s and 1940s used the word "enjoin" to describe a legal authority's requirement that a person act in a particular way. *See, e.g., Noonan v. City of Portland*, 161 Or 213, 224, 88 P2d 808 (1939) (stating that Portland City Code provision did not exonerate city employees from liability when a casualty or accident "is caused by the willful neglect of a duty enjoined upon such officer or person by the law"); *Putnam v. Norblad*, 134 Or 433, 436, 293 P 940 (1930) (stating that the law provided for issuance of a writ of mandamus to inferior courts or officers "to compel the performance of an act which the law specifically enjoins as a duty resulting from an office"). The cases that plaintiffs' cite use the word "enjoin" in the sense of compelling action. There are also contemporaneous cases that show that "enjoin" was also used in the sense of restraining action. *See, e.g., Oliver v. Burg*, 154 Or 1, 28, 58 P2d 245 (1936) (stating that, by decree, a party was "enjoined from asserting any right, claim, or interest" in mining claims); *Snow Cap Dairy v. Robanske*, 151 Or 59, 61, 47 P2d 977 (1935) (stating that, by contract, a party "enjoined from soliciting customers of another party"). We further note that the contemporaneous edition of *Black's* defined "enjoin" to include both compelling and restraining action, including by writ: "To require; command; positively direct. To require a person, by writ of injunction from a court of equity, to perform, or abstain or desist from, some act." *Black's Law Dictionary* 663 (3rd ed 1933).

In light of those meanings, we examine whether the writ of garnishment "enjoined" negotiation of the pawn

---

[5] *Black's Law Dictionary* provides the relevant definition of "negotiation":

"The transfer of an instrument by delivery or [e]ndorsement whereby the transferee takes it for value, in good faith, and without notice of conflicting title claims or defenses."

*Black's Law Dictionary* 1137 (9th ed 2009).

ticket. A writ is "[a] court's written order, in the name of a state or other competent legal authority, commanding the addressee to do or refrain from doing some specific act." *Black's Law Dictionary* 1747 (9th ed 2009).

Consequently, plaintiffs reason that the writ of garnishment, once served on a pawnbroker, has the effect of enjoining the negotiation of the relevant pawn ticket. Indeed, the exception found in ORS 726.339 contemplates a means by which a court may act upon a pawn ticket to prevent its negotiation. We are hard pressed to conceive of another means for the court to accomplish that end other than to seize the ticket or to use its authority to communicate to the pawnbroker that the ticket may not be negotiated.[6]

H&B does not respond to plaintiffs' argument in its brief. However, at oral argument, H&B expressed concern that such an interpretation of "enjoin," as used in ORS 726.330, would leave a pawnbroker without procedural protections such as those one would receive under a temporary injunction granted under ORCP 79. We conclude that H&B's concerns are not well founded. As the facts of this case demonstrate, the garnishment scheme provides procedural safeguards. A garnishee who disputes the legal authority of the writ of garnishment may file a motion to dismiss the writ. *See Stumpf v. Eidemiller*, 94 Or App 576, 578-79, 767 P2d 77 (1989) (stating that, "[i]n a garnishment action * * * the allegations are similar to a complaint" and are subject to a motion to dismiss).

Ultimately, we agree with plaintiffs' argument that the legislature's use of the word "enjoin" in ORS 726.330 is expansive enough to include a writ of garnishment served on a pawnbroker and that the effect of such a writ is to enjoin the negotiation of the pawn ticket. Consequently, the trial court erred when it dismissed plaintiff's writ of garnishment.

Reversed and remanded.

---

[6] Plaintiffs do not cite legislative history for ORS 726.330, and we have not found any relevant legislative history.